IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEKARO D. REMBERT, §
§ No. 391, 2025
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1212010128 (K)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: May 8, 2026
Decided: July 14, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)　Lekaro Rembert appeals the Superior Court's denial of his motion for the correction of an illegal sentence. For the reasons that follow, we reverse the Superior Court's judgment.

(2)　On May 1, 2013, Rembert pleaded guilty to one count of second-degree robbery (Criminal Action No. ("CAN") 12-12-0894), one count of second-degree assault (CAN 13-02-0247), and one count of assault on a law enforcement animal

(CAN 12-12-0897) in Criminal Case No. 1212010128.[1] The Superior Court immediately sentenced Rembert to a total of 14 years of imprisonment, suspended after one year and six months for decreasing levels of supervision. Rembert did not appeal his convictions or sentence.

(3) In June 2014, Rembert's probation officer filed a violation of probation ("VOP") report alleging that Rembert had violated the terms of his probation because, among other things, he had escaped from the custody of the Department of Correction ("DOC"). On October 13, 2014, under what appears to have been part of a global plea agreement, the Superior Court found that Rembert had violated the terms of his probation in Criminal Case No. 1212010128 and discharged him as unimproved in CAN 12-12-0894, CAN 13-02-0247, and CAN 12-12-0897. The written VOP order, however, only listed Rembert as discharged as unimproved in CAN 12-12-0894.[2] For unknown reasons, the written VOP order was never corrected, and DOC records continued to show that Rembert was serving a sentence in CAN 13-02-0247 and CAN 12-12-0897.

(4) On November 9, 2023, and again on March 21, 2025, the Superior Court found that Rembert had violated the terms of his probation in CAN 13-02-0247 and CAN 12-12-0897 and resentenced him. In the March 21, 2025 order, the

---

[1] Under the same agreement, Rembert pleaded guilty to another count of second-degree robbery in Criminal Case No. 1212017394.

[2] The order does not contain any reference to either CAN 13-02-0247 or CAN 12-12-0897.

Superior Court discharged Rembert as unimproved in CAN 12-12-0897. In August 2025, Rembert filed a motion for the correction of an illegal sentence, arguing that he was serving an illegal sentence because he had been discharged from probation on October 13, 2014 in all the CANs associated with Criminal Case No. 1212010128. The Superior Court denied the motion, finding that Rembert remains on probation in CAN 13-02-0247. This appeal followed.

(5) In its answering brief, the State confesses error as to Rembert's 2023 and 2025 VOP sentences in CAN 13-02-0247 and CAN 12-12-0897 because Rembert had, in fact, been discharged from probation for those charges in October 2014. We appreciate the State's candor and agree that Rembert's VOP sentences must be reversed. Any other sentence that Rembert may be serving in any other CAN is not affected by this order.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is REVERSED. The matter is REMANDED to the Superior Court with directions to enter corrected VOP sentencing orders. Jurisdiction is not retained.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

3